UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                                                                                  Case No.: 8-08-72740-ast

Sham Datta,

                                                                                                  Chapter 7

                                 Debtor.
-------------------------------------------------------X

**APPEARANCES:**

       Dennis J. O'Sullivan, Esq.
       Attorney for Debtor
       210-13-35th Avenue
       Bayside, New York 11361

       Alfred M. Dimino, Esq.
       Office of the United States Trustee
       560 Federal Plaza - Room 560
       Central Islip, New York 11722

**HON. ALAN S. TRUST, United States Bankruptcy Judge:**

## MEMORANDUM OPINION ON REQUEST FOR ATTORNEYS FEES

### Issues Before the Court and Summary of Ruling

Pending before the Court is the determination of the reasonableness of the $4,630.00 Debtor's counsel has been paid by Debtor as a flat fee for this no asset Chapter 7 case. The United States Trustee ("UST") has filed a motion requesting that this Court require counsel to disgorge a portion of the fee. For the reasons stated herein, this Court grants the request in part, and orders counsel to disgorge a portion of the fee he has been paid.

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B) and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

**Procedural History**

On May 25, 2008 (the "Petition Date"), Debtor, Sham Datta ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. [dkt item 1]  Debtor's counsel throughout this case has been Dennis J. O'Sullivan, Esq., ("Counsel").  When this case was filed, Counsel disclosed that Debtor agreed to pay him a legal fee of $4,630.00.

On June 10, 2008, Andrew M. Thaler, Esq., was appointed the successor Chapter 7 Trustee ( the "Trustee"). [dkt item 10]

On June 27, 2008, the UST sent a letter to Counsel seeking information and documentation relating to the $4,630.00 fee Counsel charged Debtor for this case. [dkt item 12]

On July 14, 2008, the initial Section 341(a) meeting was held.

Based upon the continuing investigation of the UST into the appropriateness of the legal fee charged by Counsel, the Section 341(a) was adjourned until September 26, 2008.

On September 3, 2008, the Debtor was granted a discharge. [dkt item 13]  On

October 1, 2008, the Trustee filed a no asset report.[1]

On October 2, 2008, the Court entered a final decree and closed this case. [dkt item 15]

On October 29, 2008, the UST filed a Motion to Reopen Chapter 7 Case (the "Motion"). [dkt item 17]  The UST asserted therein that Counsel had failed to respond to the UST's inquiry regarding the legal fee charged to the Debtor in this case.  The UST stated that reopening of the case was sought solely for the purpose of completing the ongoing investigation into the propriety of the legal fee charged in this case.

On November 17, 2008, a hearing was held on the Motion.  No party-in-interest opposed the Motion.  This Court granted the Motion, and on November 25, 2008, entered its Order Granting Motion To Reopen Chapter 7 Case. [dkt item 18]

On December 4, 2008, the UST filed a Motion to Compel Disclosure of Fees, Determining Fees to be Excessive and Disgorgement of Excessive Fees (the "Fee Motion"). [dkt item 19]  On January 27, 2009, a status conference was held on the Fee Motion.  As the result of the status hearing, this Court scheduled an evidentiary hearing on the Fee Motion for March 19, 2009.

On March 19, 2009, this Court conducted the hearing on the Fee Motion.  At the conclusion of that hearing, this Court established a post-trial briefing schedule.  The UST timely filed its brief on April 17, 2009. [dkt item 26]  Counsel failed to file his brief.

---

[1] Chapter 7 Trustees electronically submit No Asset Reports in the Eastern District of New York. Consequently, no ECF docket number is assigned to this event.

## The Evidence Before This Court

When this case was initially filed, Counsel filed a Disclosure of Compensation under Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Therein, Counsel disclosed the legal fee of $4,630.00, of which $2,701.00 was paid prior to the Petition Date, and of which $1,929.00 was to be paid thereafter. [dkt item 1] Counsel's Rule 2016 Disclosure provides that the representation of Debtor was to cover any issues which may arise in this case, and that Counsel did not exclude any aspect of Debtor's potential representation from the scope of the services to be provided for the $4,630.00 legal fee. Specifically, the Disclosure states:

> 5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
> a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;
> c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
> e) [Other provisions as needed]
>
> **None**
>
> 6. By agreement with the debtor(s) the above disclosed fee does not include the following services:
>
> **None**

[dkt item 1]

Counsel also filed a separate statement as required under E.D.N.Y. LBR 2017-1, describing the prepetition services performed, an itemization thereof, and the firm's billing rates. The Rule 2017 Statement itemized a total of 4.75 hours worked prior to the Petition Date, and stated a $350.00 per hour billing rate. However, paragraph 4 of the Rule 2017 Statement contains the following:

> The firm's hourly fee for these matters is $350.00; however, Chapter 7, no asset cases are charged on a flat fee basis.

[dkt item 1]

At the March 19, 2009, hearing, Counsel provided forthright testimony regarding his methods for establishing a legal fee. He testified that he has filed thousands of bankruptcy cases since 1992, and that he sets a generic, flat fee for chapter 7 cases. [Tr. at 33-34] He further testified that he does not file chapter 13 cases, so he does not differentiate between fees quoted for chapter 7 cases and fees quoted for chapter 13 cases. In fact, Counsel testified that he does not believe in chapter 13, he does not believe that chapter 13 works, and that, therefore, he does not handle chapter 13 cases. [Tr. at 35-36]

Finally, Counsel testified that he recognizes that, by charging a flat fee, in some cases he will spend less time than the fee would represent, and in other cases he will work more time than the fee would represent, if he billed hourly. Stated otherwise, Counsel testified, and then argued in summation, that he makes some money on his flat fee cases and loses some money on his flat fee cases, depending on how much work the specific cases require. He also testified and argued that a flat fee eliminates

uncertainty for the client as to what services will be provided and what the total cost of the bankruptcy case will be. He also testified, however, that he has no established criteria as to how he sets the fee. [Tr. at 16, 33, 50-58]

Counsel further testified that he quoted Debtor a $4,630.00 flat fee for this case [Tr. at 33-35], and he acknowledged that, although his Rule 2017 Statement reflects a $350.00 per hour billing rate, it is a fictional "estimated" rate because he does not handle bankruptcy cases on an hourly basis and does not bill bankruptcy work at an hourly rate. [Tr. at 13, 15-16, 35] Counsel testified his regular practice is not to keep time records. Finally, Counsel testified he does not utilize written fee agreements. [Tr. at 13, 14, 31]

Counsel testified that most of the hours disclosed on the Rule 2017 Statement for this case were incurred by paraprofessionals, not by attorneys (2.5 hours of the total 4.75 hours), and that his firm provided very little advice and counseling to Debtor after the Petition Date. Counsel did not represent Debtor at the Section 341 meeting; however, he did arrange for appearance counsel to represent Debtor at the meeting, even though that attorney did not charge either Counsel or Debtor for appearing with the Debtor. Although Counsel had no written records of post-petition services rendered, he testified from recollection that his office may have provided a total of 6 to 7 hours of total services pre- and postpetition, of which 3.5 hours were likely paraprofessional time and another 2.5 to 3.5 hours were likely attorney time. Counsel also acknowledged he did not have a written fee agreement with Debtor. The $4,630.00 flat fee included the

$299.00 filing fee and $130.00 for credit counseling.

Debtor also appeared at the March 19, 2009 hearing. He testified he was happy with Counsel's services and had been treated well by Counsel. Debtor further testified that prior to selecting Counsel, he had received a number of quotes from other potential bankruptcy attorneys, who quoted him a fee between $1,600.00 and $2,000.00. He also testified he was confused and overwhelmed at the time he was seeking bankruptcy counsel. Debtor was vague as to why he chose Counsel over a lower priced attorney. [Tr. at 37-38]

### **Legal Analysis: Reasonableness of Fees Charged to Chapter 7 Debtors**

In a Chapter 7 case, this Court has the authority to determine the reasonableness of compensation paid to the debtor's attorney for representing the interests of the debtor in connection with a bankruptcy case. See 11 U.S.C. § 329; FED. R. BANKR. P. 2017(b). Bankruptcy Rule 2017 expressly authorizes the court to analyze and determine whether any payment made to a debtor's attorney is reasonable or excessive, whether such agreement is made before the order for relief (Rule 2017(a)), or after the order for relief (Rule 2017(b)), so long as such services are "in any way related to the case." FED. R. BANKR. P. 2017.

The Bankruptcy Code has a specific statutory scheme for courts to utilize when analyzing fee requests in most, but not all, chapters of the Code. For example, Bankruptcy Code Sections 328, 330 and 1103 govern various professionals' compensation requests in Chapters 11, 12 and 13 cases. Although none of these

various provisions specifically applies in a chapter 7 case, this Court has determined that the standard for determining reasonable compensation of a Chapter 13 debtor's counsel is helpful in determining whether any payment made to a Chapter 7 debtor's counsel is reasonable or excessive under Rule 2017.

In a case filed under Chapter 13, Bankruptcy Code Section 330(a)(4)(B) applies, and provides that "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B).  Thus, the services of the Chapter 13 counsel need not benefit the bankruptcy estate generally, so long as the services benefit the debtor.  Similarly, the services of a Chapter 7 debtor's counsel should only be viewed from the standpoint of benefit to the debtor, and not benefit to the estate generally.  This analysis is also driven by the fact that a chapter 7 debtor's counsel may not seek compensation from the bankruptcy estate.  *See* 11 U.S.C. § 330(a)(1); *see also Lamie v. United States Trustee*, 540 U.S. 526 (2004); *In re Bresnick*, No.07-41580-CEC, slip op. at 4 (Bankr. E.D.N.Y. Jun. 23, 2009).

To determine reasonableness of fees, Bankruptcy Code Section 330(a)(3) directs the court consider the "other factors" referenced in Section 330(a)(4)(B):

> In determining the amount of reasonable compensation to be awarded the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including -
>
> (A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3); *cf. In re Anderson*, 362 B.R. 575 (Bankr. E.D.N.Y. 2007) (addressing chapter 13 attorneys fees under the Bankruptcy Code and various federal statutes). Accordingly, in the analysis of Counsel's fees here, this Court will apply the "other factors" set forth in Section 330(a)(3).

The burden of proof on the reasonableness of the legal fees charged rests with Counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bolton*, 43 B.R.598, 600 (Bankr. E.D.N.Y 1984). This Court has an obligation to examine the propriety of attorney's fees, regardless of whether an objection is raised. *In re Thorn*, 192 B.R. 52, 55 (Bankr. N.D.N.Y.1995). "[W]hen the issues are not complex and the process is straightforward, an attorney is expected to exercise "billing judgment", and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *Id.* at 56 (internal citations omitted)(*citing Hensley*, 461 U.S. at 437).

Case law discussing reasonableness of a chapter 7 debtor's attorney fees is

sparse, and no Second Circuit Court of Appeal precedent addresses this point. At the circuit level, the Courts of Appeal for the Sixth and Seventh Circuits have addressed this issue. *See In re Robinson*, 189 Fed. Appx. 371 (6th Cir. 2006); *In re Geraci*, 138 F.3d 314 (7th Cir. 1998), *cert. den.*, 525 U.S. 821 (1998).

In *Robinson*, counsel failed to timely file the debtors' creditor matrix, which resulted in the dismissal of their Chapter 7 case. Upon reopening of the case and the request for disgorgement by the debtors, the bankruptcy court ordered counsel to disgorge $500.00 of the $800.00 he had received in legal fees. These amounts derived from $200.00 costs the debtors would have to pay to reopen the case and $300.00 as half of the $600.00 original legal fee the debtors had paid. *In re Robinson*, 189 Fed. Appx. at 372.

On appeal, both the district court and the Sixth Circuit affirmed. The Sixth Circuit noted that Section 329 of the Bankruptcy Code permits a court to order the return of any fees paid to an attorney "if such compensation exceeds the reasonable value of any such services." *Id.* at 374. The Sixth Circuit further found no abuse of discretion or clear error by the bankruptcy court in ordering disgorgement. *Id.* at 373.

In *Geraci*, the Seventh Circuit addressed an appeal from a consolidated decision concerning twelve no-asset consumer cases in which Peter Francis Geraci's law firm served as debtor's counsel. The United States Trustee had objected to Mr. Geraci's fees in all twelve cases. The cases had been consolidated for the purpose of considering whether Mr. Geraci's fees exceeded the "reasonable value" of his firm's

services under 11 U.S.C. § 329(b). *In re Geraci*, 138 F.3d at 321.

During the proceedings, Mr. Geraci described himself to the bankruptcy court as the "foremost consumer bankruptcy practitioner in the country." *Id.* at 317. After conducting a hearing and determining that Mr. Geraci's fees in fact were excessive in each case, the court ordered Mr. Geraci to return to his clients that portion of his fee which exceeded $800.00 in each case. The court further ordered Mr. Geraci to submit a detailed fee itemization in all pending and future no-asset consumer cases in which he receives a fee exceeding $800.00. In its ruling, the bankruptcy court noted:

> Mr. Geraci argues that his firm provides top-notch service. However, as the Court has noted, the fee itemizations and the Addendum to those fee itemizations do not support a finding that superior, expert service was provided to the Debtors in the cases presently before the Court. No outstanding results were achieved in these cases, and the Court finds no extraordinary benefits for either the Debtors or their creditors. The cases presently before the Court would have seen the same result had the services been performed by any competent counsel in a competent manner.

*Id.* at 318. The district court affirmed. *Geraci*, 208 B.R. 907 (C.D. Ill. 1997). In affirming the rulings below, the Seventh Circuit expressly stated that the determination of what is a reasonable fee for a chapter 7 case is not a purely marketplace driven test:

> That reasonable value is not, as Geraci would have it, always the price that a willing debtor has agreed to pay a willing attorney in the marketplace, for by enacting sections 329 and 330 of the Code, Congress placed limits on the role the market will be permitted to play in setting professional fees in bankruptcy cases. Under section 329(b), the bankruptcy judge must determine the reasonable value of the services provided by the debtor's attorney after

> considering the surrounding facts and circumstances, including the customary fee in comparable cases. It is clear, then, that under section 329, an attorney like Geraci is not always entitled to the fee that the debtor has agreed to pay him. If that were true, Congress would essentially have performed a meaningless act when it authorized bankruptcy courts to review the fees of debtors' counsel and to take either of the authorized actions if the fees are found to be excessive.

*In re Geraci*, 138 F.3d at 319-20 (internal citations omitted). Moreover, the Seventh Circuit rejected the notion that an agreed fee in a chapter 7 case has to be the product of overreaching by the debtor's lawyer before the fee can or should be subject to a downward adjustment. *Id.* at 320 (holding that "the bankruptcy court is authorized to act whenever it determines that the compensation the debtor has paid or agreed to pay his counsel exceeds the reasonable value of the services provided. No further finding is required.").

Finally, two instructive decisions by bankruptcy courts address the issue of flat fees paid to attorneys in chapter 7 cases. *See In re Gonzalez*, 402 B.R. 900 (Bankr. M.D. Fla 2009); *In re Murray*, 330 B.R. 732 (Bankr. E.D. Wis. 2005).

First, In *Murray,* the Chapter 7 Trustee objected to a $2,000.00 flat legal fee paid to debtor's counsel that he considered unreasonable, despite debtor having chosen this fee structure over two other options.[2] After analyzing the complexity of the case and the blended billing rate, the *Murray* court determined the flat fee charged actually reflected

---

[2] The other two options the attorney offered to debtor were either "(1) an hourly rate of $200 per hour; [or] (2) a 'base bankruptcy fee' of $1,000, which would have included preparation of petition and schedules, representation at the § 341 meeting of creditors and preparation, but not negotiation, of reaffirmation agreements[.]" *Murray*, 330 B.R. at 734. The offered fee structures did not include the $209.00 filing fee. *Id.* at n.3.

Page 12 of 19

an excessive hourly billing rate of $1500.00.  The *Murray* court then expressed its concern for flat fees in general in chapter 7 cases:

> The debtor's attorney is of course an expert in bankruptcy law, and in a far stronger position than his client to gauge the likelihood that litigation will be filed. There is considerable room for mischief in explaining to the debtor what the flat fee includes, the probability that the litigation will be pursued and whether the debtor or the lawyer will receive the bargain created by the flat fee.

*Id.* at 737.

After differentiating an earlier Wisconsin decision, the *Murray* court determined that approving the flat fee debtor paid to its counsel would be compensating the attorney for services he had not provided, and that this was not reasonable under Section 329.  "A fee of $2,000 for this case exceeds the reasonable value of the services provided. A fee of $1,000 would be reasonable to cover the actual legal work done and the travel time to the meeting of creditors at a reduced rate." *Id.*  Accordingly, the court required the debtor's attorney to disgorge $1,000.00 of the $2,000.00 he had received, and pay that amount to the Chapter 7 Trustee. *Id.*

Similarly, in *Gonzalez*, the court addressed the reasonableness of a chapter 7 debtor having paid a $2,050.00 legal fee.  There, Judge Paskay determined that a per se reasonable fee for a no-asset chapter 7 case filed in the Fort Myers Division of the Middle District of Florida "shall not exceed the sum of $1,500.00." *In re Gonzalez*, 402 B.R. at 901.  To obtain a chapter 7 fee in excess of this amount, the debtor's attorney would have to file a detailed application describing the services provided, the hourly

rates charges, and other factors typically analyzed by bankruptcy courts in reviewing professional fee requests. The *Gonzalez* court reached this maximum amount which would be approved as a reasonable fee based on a "primary and empirical study conducted by the Deputy Clerk who randomly selected and reviewed fees charged by various law firms in Chapter 7 cases filed in the Tampa Division. The study conducted by the Deputy Clerk revealed that the average fee charged by attorneys filing Chapter 7 cases in the Tampa Division was deemed to be $1,000.00." *Id.*

Although the attorney in *Gonzalez* did file a detailed billing statement, "the Detailed Billing Statement fail[ed] to disclose any enhancements that would require additional compensation." *Id.* at 902. Because the fee charged was $550.00 more than the $1,500.00 amount the court deemed to be reasonable, the attorney was ordered to disgorge $550.00. *Id.*

## **Application of the Law to This Specific Case**

Here, the UST has asserted, and this Court finds, as follows:

> This was a routine, unremarkable case. This was a below median income case, consequently, the Means Test form did not even have to be fully completed. There were no amended schedules filed, no adversary proceedings filed, no reaffirmation agreements entered into, no appearance by Mr. O'Sullivan at the §341(a) meeting of creditors, no challenges to exemptions, no Rule 2004 examinations and no discharge or dischargeability actions commenced.

[dkt item 26]

The UST has further asserted, and this Court finds, as follows:

> Mr. O'Sullivan has offered no documentary or testimonial evidence upon which the $4,630 fee could be justified. . . . He failed to testify about specific services rendered in this case. In fact, both Mr. O'Sullivan's written response and his testimony referred to what services *could* have been required in this case, not what services were actually rendered.

[dkt item 26]

The inquiry for this Court is not whether Counsel's generic flat fee, when spread across dozens or even hundreds of debtors, has a social or economic utility, as suggested by Counsel. This Court cannot award Counsel greater fees in this specific case than are reasonable for this specific case.

Moreover, although Counsel did not exclude any potential matters from his scope of representation of Debtor, by doing so, he was simply complying with E.D.N.Y. LBR 2090-2, which requires, *inter alia*, that the attorney of record for a debtor:

> [S]hall appear on behalf of the debtor in every aspect of the case, including, but not limited to . . . defending an adversary proceeding, contested matter, motion, or application filed against the debtor during the pendency of the case.

Furthermore, E.D.N.Y. LBR 2090-2(e) provides, *inter alia*:

> [A]n attorney of record who fails or refuses without reasonable excuse to represent the debtor in defending an adversary proceeding, contested matter, motion or application filed against the debtor . . . may, after notice and a hearing, be sanctioned pursuant to this rule and may be ordered to disgorge fees paid in connection with the case pursuant to Bankruptcy Rule 2017.

An attorney of record for a debtor may exclude the defense of an adversary

proceeding from the required scope of representation under E.D.N.Y. LBR 2090-2(a). If the debtor's prepetition written retainer agreement with the attorney of record excludes the defense of an adversary proceeding from the agreed scope of representation, the attorney of record must comply with the procedures established under E.D.N.Y. LBR 2090-2(b).

Consequently, this Court must determine whether Counsel has met his burden of proving the reasonableness of the $4,630.00 flat fee he charged in this case. This Court concludes Counsel has not met his burden.

In this case, this Court finds the following charges to be reasonable: 3.5 hours of paralegal time at $150.00 per hour; 2.5 hours of attorney time at $350.00 per hour; the $299.00 filing fee; and $130.00 for credit counseling. Counsel was only able to identify a small amount of work undertaken postpetition on behalf of Debtor, for which no time records exist. Based upon Counsel's testimony, this Court is drawing an inference that 1.25 hours of paralegal time was spent on addressing the Trustee's postpetition request for documents. Thus, this Court has determined that Counsel has provided reasonable services consisting of a total of 6 hours, both pre- and postpetition, divided as above. Also, based on a number of fee applications presented to this Court in various cases, this Court has determined that $150.00 per hour is a reasonable rate for a paraprofessional, and $350.00 per hour is a reasonable rate for an attorney with Counsel's experience and credentials.

A pure mathematical calculation of a fee based on this amount of time would be

$1,225.00. However, based on the services Counsel provided, a reasonable legal fee for a "routine"[3] no-asset chapter 7 case for a debtor who had financial issues such as this Debtor is $1,800.00. This fee represents the mid-range of the fees Debtor was quoted by the other attorneys he had interviewed.

This case did not require Counsel to expend extraordinary efforts. As noted, Debtor's schedules reflect that he was below the median income. [dkt item 1] Debtor's schedules were never amended. No adversary proceedings were filed, no reaffirmation agreements were entered into, no appearance was made by Counsel at the § 341(a) meeting of creditors, no challenges were filed to Debtor's exemptions, no Rule 2004 examinations were requested or taken, and no discharge or dischargeability actions were commenced. [Tr. at 20-22]

Counsel should also be allowed to keep the expenses he incurred on Debtor's behalf, in the amount of $429.00. Thus, in sum, Counsel should and will be allowed a total for fees and expenses of $2,229.00. After subtracting the $4,630.00 total amount Debtor paid to Counsel, Counsel must disgorge $2,401.00.

### Counsel Should Pay the Disgorged Portion of the Fee to Debtor

This Court agrees with the UST that Counsel should refund the disgorged amount directly to Debtor, as provided by Section 329(b) of the Code. *See* 11 U.S.C. §

---

[3] This Court's use of the phrase "routine" does not imply this Court is unsympathetic to Debtor's specific financial difficulties. Instead, this phrase indicates merely that Debtor's case did not entail any significant work beyond the preparation and filing of the petition and schedules, and Counsel's appearance at the mandatory creditors meeting under § 341.

329(b)(2) ("[T]he court may . . .order the return of any such payment, to the extent excessive, to . . . the entity that made such payment.")  Debtor paid Counsel $2,701.00 prior to commencing this case, which appears to have been borrowed by Debtor from his brother-in-law. [Tr. at 37-39]  The total amount allowed to Counsel, $2,229.00, shall be deemed fully part of the prepetition payment.  To the extent that the $472.00 now remaining from the pre-petition payment may be property of the estate, that inconsequential amount should not be administered by the Chapter 7 Trustee.  The $1,929.00 Debtor paid postpetition appears also to have been borrowed from the Debtor's brother-in-law [Tr. at 37-39] and therefore,  is not property of the estate.

### This Court Is Not Establishing a Per Se Fee Cap or a "No Look" Fee For No-Asset Chapter 7 Cases in the Eastern District of New York or in Central Islip, New York

This Court is not establishing a fee cap or a per se reasonable fee or a "no look" fee for no-asset chapter 7 cases in the Eastern District of New York or in Central Islip, New York, as the *Gonzalez* Court had done for Fort Myers, Florida.  This Court is aware that in other districts around the United States, some bankruptcy courts have established and published a "no look" fee policy.  Unlike *Gonzalez*, this Court does not have evidence in this record of the prevailing or standard fee for a no-asset chapter 7 case in the Eastern District of New York generally, or in Nassau and Suffolk counties in particular, the geographic area served by cases administered in Central Islip.  This Court has only the anecdotal evidence from what the Debtor was quoted by other potential attorneys—between $1,600.00 and $2,000.00— before he selected Counsel.

Given the legal and financial issues presented by this case, that range of fee is reasonable for this Debtor, and reasonable for the work undertaken in this case.

## Conclusion

Counsel will be allowed a total for fees and expenses in the amount of $2,179.00 and must disgorge $2,401.00 to Debtor.   All other requests of Counsel and the UST will be denied.  A separate Order hereon will be entered.



**Dated: July 2, 2009**
  **Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**